IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>ERIC MICHAEL ELLISER,<br><br>                      Petitioner. | No.  53082-1-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. -- Eric Elliser seeks relief from personal restraint imposed as a result of his 2015 conviction for second degree felony murder with assault as the predicate felony.[1] The facts of his case are described in detail in his direct appeal, consolidated Nos. 47929-0-II and 47953-2-II. First, he argues that his appellate counsel provided ineffective assistance of counsel in not raising the absence of a jury unanimity instruction in his direct appeal. To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 337, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

---

[1] We issued the mandate of Elliser's direct appeal on May 17, 2018, making his March 11, 2019 petition timely filed.  RCW 10.73.090(3)(b).

We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

Elliser had been charged with both second degree felony murder and first degree assault. After his conviction for both, the trial court dismissed the assault conviction on double jeopardy grounds. Elliser's appellate counsel did raise the jury unanimity issue as to the first degree assault charge. In his direct appeal, we concluded that the dismissal of the assault conviction rendered the issue moot. Elliser now argues that his appellate counsel should have raised the jury unanimity issue as to the second degree felony murder conviction. But even though he did not, Elliser does not demonstrate that his failure to do so fell below an objective standard of reasonableness. Where the allegation is a continuing course of conduct, in this case the fight involving Elliser, Shanne McKittrick, and the victim, Derek Wagner, a jury unanimity instruction is not required. *State v. Locke*, 175 Wn. App. 779, 803, 307 P.3d 771 (2013). Thus, Elliser fails to demonstrate that he received ineffective assistance of counsel.

Second, Elliser argues that the prosecutor committed misconduct in a number of instances during closing argument. Elliser's trial counsel did not object to these arguments,[2] so he must show that the arguments were so flagrantly erroneous and ill intentioned that a jury instruction

---

[2] The transcript of the arguments indicates that Elliser's co-defendant's counsel objected to some of these arguments, but that Elliser's counsel did not.

could not have cured the prejudice from the arguments and that the prejudice had a substantial likelihood of affecting the jury's verdict. *State v. Scherf*, 192 Wn.2d 350, 393-94, 429 P.3d 776 (2018). Elliser contends that the prosecutor interjected personal opinions about what the victim was thinking during the fight and about what Elliser was thinking. But these are not personal opinions about Elliser's guilt and are therefore not improper. They were inferences from the evidence. *State v. McKenzie*, 157 Wn.2d 44, 54, 134 P.3d 221 (2006). Elliser next contends that the prosecutor appealed to the passions and prejudices of the jury by commenting that Wagner would never have children. This comment was a permissible comment based on the evidence and was not the kind of appeal to passions and prejudices held to be misconduct in *In re Pers. Restraint of Glasman*, 175 Wn.2d 696, 704, 286 P.3d 673 (2012). Finally, Elliser contends that the prosecutor engaged in burden shifting in (1) urging the jury not to "go through the rabbit hole" of the defense arguments (Verbatim Report of Proceedings (VRP), Consol. Nos. 47929-0-II / 47953-2-II (Apr. 22, 2015) at 156) and (2) arguing that "it is not the State's burden to tell you exactly how these events unfold. The only thing we have to prove are what the elements are, which, caused the death, intended to kill, intended to inflict great bodily harm." VRP, Consol. Nos. 47929-0-II / 47953-2-II (Apr. 21, 2015) at 82. But neither of these arguments constitutes burden shifting. Thus, Elliser fails to show prosecutorial misconduct.

No. 53082-1-II

Elliser does not present grounds for relief from restraint. We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, A.C.J.

MELNICK, J.

4